1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GLYNIS ALBERTS-WOOD,              NO.  CIV.S-04-2194 GEB DAD PS

12          Plaintiff,

13      v.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14  JOSE FREMONDE, et al.,

15          Defendants.

16  _____/

17          This matter came before the court on February 18, 2005, for

18  a Status (Pretrial Scheduling) Conference.  There was no appearance

19  on behalf of plaintiff.  Defendant Jose Fremonde, proceeding pro se,

20  appeared on his own behalf.  There was no appearance on behalf of

21  defendant Juan Fremonde

22          Defendants removed this action from state court by a notice

23  of removal filed on October 15, 2004.  However, as discussed at the

24  status conference, as a general rule an action is removable to a

25  federal court only if it might have been brought there originally.

26  28 U.S.C. § 1441(a).  Absent jurisdiction based on diversity of

                                  1

citizenship, an action is removable to federal courts if it arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441(b).  However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986).  A "substantial, disputed question of federal law is a necessary element of one of [the plaintiff's] well-pleaded state claims[.]" Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983).

The existence of a defense or counterclaim that raises a federal question does not give rise to federal question jurisdiction and thus may not provide a basis for removal.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); Franchise Tax Board of California, 463 U.S. at 10; Rath Packing Co v. Becker, 530 F.2d 1295, 1303-04 (9th Cir. 1975).  The court's jurisdiction is determined by looking to the plaintiff's well-pleaded complaint.  The "well-pleaded complaint rule" provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392.  The rule makes the plaintiff the "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. (citations omitted).  Thus, a plaintiff may by the allegations of his or her complaint determine whether his or her case is removable to the federal courts.  See id. at 392 n.7 (citing Great North R. Co. v. Alexander, 246 U.S. 276, 282 (1918)).

1    Finally, "[i]f at any time before final judgment it appears
2    that the district court lacks subject matter jurisdiction, the case
3    shall be remanded." 28 U.S.C. § 1447(c).   Whether or not a party
4    questions the court's subject matter jurisdiction, the court is
5    required to raise and address the issue sua sponte.   Fed. R. Civ. P.
6    12(h)(3); <u>FW/PBS, Inc v. City of Dallas</u>, 493 U.S. 215, 231 (1990);
7    <u>Washington Local Lodge No 104 v International Brotherhood of</u>
8    <u>Boilermakers</u>, 621 F.2d 1032, 1033 (9th Cir. 1980).

9    At the status conference the court indicated that it
10   appears from the face of plaintiff's state court complaint that this
11   court lacks subject matter jurisdiction over this matter.
12   Nonetheless, out of an abundance of caution the court granted
13   defendants a period of ten (10) days within which to file a response
14   setting forth any contentions as to why subject matter jurisdiction
15   exists.   Defendants timely filed such a response.   However, that
16   response, along with the allegations of plaintiff's complaint, only
17   confirm that this matter is a garden variety unlawful detainer action
18   which is properly resolved in state court.

19   Accordingly, IT IS HEREBY RECOMMENDED that:

20   1.   This state civil action be summarily remanded to the
21   Sacramento County Superior Court; and

22   2.   The Clerk be directed to close this case.

23   These findings and recommendations are submitted to the
24   United States District Judge assigned to the case, pursuant to the
25   provisions of 28 U.S.C. § 636(b)(1).   Within ten (10) days after
26   being served with these findings and recommendations, any party may

3

file written objections with the court and serve a copy on all

parties.   Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."   The parties are

advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.   See Martinez

v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\alberts2194.f&r.remand

4